IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**DALE PERKINS,**

                **Plaintiffs,**

**vs.**                                                                      Civ. No.  13-1209 JCH/LAM

**CHUGACH MANAGEMENT SERVICES,**
a foreign corporation,

                **Defendant.**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on *Defendant's Motion for Summary Judgment* [Doc. 12]. In the motion, Defendant Chugach Management Services ("CMS") argues that pursuant to the federal enclave doctrine, it is entitled to summary judgment on all of Plaintiff's claims. For the reasons set forth below, the Court agrees.

## FACTS

The motion for summary judgment raises no disputes of fact. Thus, the following facts are both material and undisputed. Plaintiff Dale Perkins ("Perkins") began working as a mechanic for Defendant CMS in 2001. Doc. 12 at ¶ 1. During the entirety of its existence, including the duration of Perkins' employment, CMS was physically located and conducted all of its operations on Kirtland Air Force Base ("Kirtland AFB") in Albuquerque, New Mexico. *Id*. at ¶ 2. All CMS employees, including Perkins, were required to enter the federal land where CMS is located through security gates maintained by the United States Air Force. *Id*. at ¶ 4. Further, all of Perkins' employment activities, including those at issue in this case, took place on Kirtland AFB on land owned exclusively by the United States government. *Id*. at ¶ 5.

The Court of Appeals for the Tenth Circuit has recognized Kirtland AFB as a federal enclave. *Allison v. Boeing Laser Technical Servs.*, 689 F.3d 1234, 1235 (10th Cir. 2012) ("Jimmie Allison's causes of action arose from conduct on Kirtland AFB, a federal enclave established in 1954."). In his Complaint, Plaintiff has asserted four claims: disability discrimination, age discrimination, and retaliation in violation of the New Mexico Human Rights Act; and "interference with prospective advantage." Doc. 1-1 at pp. 7-8 of 11. The Court interprets the latter to be the common law tort of interference with prospective contractual relations.

## DISCUSSION

Defendant argues that the federal enclave doctrine precludes Perkins' state law claims against CMS. The Tenth Circuit has addressed this doctrine, explaining it in some detail. "A federal enclave is created when a state cedes jurisdiction over land within its borders to the federal government and Congress accepts that cession. These enclaves include numerous military bases, federal facilities, and even some national forests and parks." *Allison*, 689 F.3d at 1235. "Under a body of constitutional law applicable to federal enclaves, U.S. Const. art. I, § 8, cl. 17, state law that is adopted after the creation of the enclave generally does not apply on the enclave." *Id*. Thus, "after a state has transferred authority over a tract of land creating a federal enclave, the state may no longer impose new state laws on these lands. But state laws enacted before the cession continue to apply unless Congress specifically overrides them." *Id*.

Here, the Tenth Circuit has held that Kirtland AFB, upon which CMS is located and within the boundaries of which Perkins performed all relevant work, became a federal enclave in 1954. Thus, the question before the Court is whether or not the New Mexico state law that is the source of Perkins' claims was adopted before or after 1954. As noted above, three of Perkins'

causes of action are rooted in the New Mexico Human Rights Act, which became law in 1969. NMSA 1978, § 28-1-1 (1969). Amendments to the Act prohibiting disability discrimination were added in 1973. Thus, in accordance with the federal enclave doctrine, CMA is entitled to summary judgment on all of Perkins' claims under the New Mexico Human Rights Act.

Perkins' final claim is one for interference with prospective contractual relations. New Mexico courts first recognized this common law tort in 1980. *See M & M Rental Tools, Inc. v. Milchem, Inc.*, 1980-NMCA-072 at ¶ 20, 94 N.M. 449 ("In this first New Mexico decision involving prospective contract interference, it would be inappropriate to use outmoded language to describe the tort. We follow *Proctor v. Waxler, supra*, and adopt the description of the tort of interference with prospective contractual relations stated in Restatement of Torts 2d, § 766B."). Because this state law cause of action did not exist in 1954 when Kirtland AFB became a federal enclave, CMS is entitled to summary judgment on it as well.

Perkins' short response brief contains no argument to dissuade the Court from this conclusion. Perkins attempts to raise a question regarding whether Kirtland AFB is in fact a federal enclave. Perkins ignores the Tenth Circuit's decision in *Allison*, cited above, and fails to distinguish it in any way. Instead, he contends that his claims under the New Mexico Human Rights Act should not be precluded because courts have interpreted that statute consistently with federal discrimination laws. Doc. 21 at 2. Thus, he reasons, his state law claims should proceed because they are not in conflict with federal law. However, Perkins cites no authority in support of this argument, which is directly contrary to the court's holding in *Allison*. Rather, state law adopted after creation of a federal enclave has no force unless the United States specifically adopts it in some fashion. As explained by the Supreme Court, "because the Supremacy Clause immunizes the activities of the Federal Government from state interference, [citation omitted],

3

direct state regulation of federal facilities is allowed only to the extent that Congress has clearly authorized such regulation." *Goodyear Atomic Corp. v. Miller*, 486 U.S. 174, 180 n. 1 (1988). In *Goodyear*, the Court allowed the application of a state workers compensation law because Congress had passed 40 U.S.C. § 290, which explicitly required the enforcement of state workers compensation laws on federal enclaves. No such statute has been passed to permit New Mexico jurisprudence on common law torts to be enforced on federal enclaves. Thus, CMS is entitled to summary judgment on all of Perkins' claims, each of which is based on New Mexico state law enacted after 1954.

**IT IS THEREFORE ORDERED** that *Defendant's Motion for Summary Judgment* [Doc. 12] is **GRANTED**. As a result, Defendants' second motion for summary judgment [Doc. 32] is hereby **DENIED AS MOOT**.

_____
**UNITED STATES DISTRICT JUDGE**